## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 15-4871-KHV |
| S. GILDEMEISTER and | ) |
| JUDGE GLENN BRAUN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Glenn Braun's Motion To Dismiss (Doc. #28) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Braun is a Kansas district court judge. Plaintiff, proceeding *pro se*, has failed to file a timely response to defendant's motion.[1]

---

[1] After defendant filed his motion to dismiss, plaintiff filed a "Motion For Order" (Doc. #31). As defendant points out, this "motion" is "essentially impossible to decipher." Doc. #34. Plaintiff apparently wants the Court to consider documents attached to the motion. These documents consist of partial transcripts of previous cases involving plaintiff and documents from the Department of Veteran Affairs concerning plaintiff.

Prior to the filing of the motion to dismiss, plaintiff filed a "Motion to Enter These Attachments as Evidence to Corruption From County" (Doc. #25). Plaintiff requests the Court consider documents filed by her counsel in the prior action that forms the basis of this case.

When considering a motion to dismiss under Rule 12(b)(6), the Court generally must disregard all documents other than the complaint. Jackson v. Integra Inc., 952 F.2d 1260, 1261 (10th Cir. 1991). The Court may consider documents outside the complaint, however, when deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Pringle v. United States, 208 F.3d 1220, 1222 (10th Cir. 2000). It may also review documents subject to judicial notice, such as the Court's own files and records, as well as facts in the public record. Tal v. Hogan, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006), cert. denied, 549 U.S. 1209 (2007). The Court is also free to consider documents outside the complaint when they are central to the plaintiff's claims and are referred to in the complaint. GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997).

The Court is not persuaded plaintiff's documents are relevant to her claims or to the defendant's arguments. Accordingly, these motions are denied.

For the following reasons, the Court grants defendant's motion.

I.

On April 28, 2015, plaintiff filed her complaint.  She appears to assert a claim of "due process of law."  Plaintiff does not allege a statutory basis for her claim but she presumably intends to allege a violation of civil rights under 42 U.S.C. § 1983.  The claim arises from rulings which defendant made in a case involving plaintiff under the Kansas Care and Treatment Act for Mentally Ill Persons, K.S.A. § 59-2945 *et seq*.  Plaintiff alleges that defendant committed her to Larned State Hospital following her arrest for a traffic violation.   The exact nature of plaintiff's claim is difficult to discern due to cryptic aspects of her complaint, she appears to contend that defendant acted illegally by conducting a probable cause hearing without "proper complaint, protect (sic) order etc." and by not dismissing her case.  Plaintiff does not state what relief she seeks.

Defendant contends that the Court lacks subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted.  Specifically, defendant argues that (1) to the extent plaintiff seeks relief for violation of state statutes, her claims fail to state a cognizable claim under Section 1983; (2) to the extent plaintiff seeks money damages for judicial actions, judicial immunity bars her claims; (3) to the extent plaintiff asks this court to review rulings which defendant made as a state court judge, the Rooker-Feldman doctrine bars her claims; and (4) to the extent plaintiff seeks prospective injunctive relief, Section 1983 precludes her claims.

II.

Defendant moves to dismiss the claims against him under both Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim.  Dismissal pursuant to Rule 12(b)(1) is appropriate when the Court lacks subject matter jurisdiction over a claim for

relief. The party asserting jurisdiction has the burden of establishing subject matter jurisdiction. Port City Props. v. Union Pac. R.R. Co., 518 F.3d 1186, 1189 (10th Cir. 2008).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court assumes as true all well-pleaded facts, and construes any reasonable inferences in favor of plaintiff.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Tal, 453 F.3d at 1252. The Court will grant a motion to dismiss under Rule 12(b)(6) when the factual allegations fail to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While the factual allegations need not be detailed, they must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. In re Motor Fuel Temperature Sales Practices Litig., 534 F. Supp.2d 1214, 1216 (D. Kan. 2008).

When defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the Court must first decide motion under Rule 12(b)(1) for the latter challenge would be moot if the Court lacks subject matter jurisdiction.  Mounkes v. Conklin, 922 F. Supp. 1501, 1506 (D. Kan. 1996).

Because plaintiff proceeds *pro se*, the Court construes her complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).   The Court, however, does not assume the role of advocate for a *pro se* litigant. See id.

### III.

To the extent plaintiff is challenging a Kansas court ruling, the Rooker-Feldman doctrine precludes review.  See  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923).  Federal trial courts do not have the power to hear what is essentially an appeal from a state court decision. The Rooker–

Feldman doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States [trial] court." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).

Here, to the extent that the complaint raises federal claims that are not intertwined with the merit of state court rulings, those federal claims must be dismissed for other reasons. First, defendant is entitled to judicial immunity. Judicial immunity protects a judge from liability for official adjudicative acts. Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002), cert. denied, 538 U.S. 983 (2003). Immunity applies unless the judge acts "in clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). The Court determines whether a judge has performed a "judicial" act or acted "in the clear absence of jurisdiction" by looking to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), cert. denied, 513 U.S. 832 (1994) (quoting Sparkman, 435 U.S. at 362). Because defendant's decision concerning plaintiff's care and treatment as a mentally ill person was a normal judicial action, and plaintiff's sole interaction with defendant was in his judicial capacity, his actions are cloaked with absolute judicial immunity.

Moreover, to the extent plaintiff alleges that defendant violated a state statute, i.e. that he failed to give plaintiff a copy of the petition at the probable cause hearing, she has not stated a cognizable claim under Section1983. Trujillo v. Williams, 465 F.3d 1210, 1214 n.2 (10th Cir. 2006) (Section 1983 establishes cause of action only for deprivation of rights secured by Constitution or federal law).

Finally, to the extent plaintiff seeks prospective injunctive relief, Section 1983 precludes such relief against a judicial official.  Lawrence v. Kuenhold, 271 F. App'x 763, 765 n.6 (10th Cir. 2008).

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Order (Doc. # 31) filed August 4, 2015 be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Enter Attachments as Evidence to Corruption from County (Doc. # 25) filed July 26, 2015 be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Dismiss (Doc. #28) filed July 31, 2015 be and hereby is **SUSTAINED**.  Plaintiff's complaint against Glenn Braun is dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

Dated this  6th day of November, 2015, at Kansas City, Kansas.


 s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge