IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | |
| ) | Case No. 15-4871-KHV |
| S. GILDEMEISTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on defendant's Motion to Dismiss (Doc. #66) filed June 23, 2016.  Defendant asks this Court to dismiss plaintiff's complaint on the grounds that plaintiff is (1) not the real party in interest in violation of Fed. R. Civ. P. 17(a) and (2) not competent to sue under the law of her domicile in violation of Fed. R. Civ. P. 17(b).  Memorandum In Support Of Motion To Dismiss (Doc. #67) filed June 23, 2016 at 2-3.

The record contains conflicting accounts of plaintiff's domicile.  Defendant alleges without argument that plaintiff's domicile is Kansas.  Id.  In response, plaintiff alleges that she has been a resident of Missouri since 2013.  Plaintiff [sic] Objections To Motions Filed By Defendant's Attorney On June 24, 2016 (Doc. #69) filed June 25, 2016 at 4.  Plaintiff's complaint does not allege domicile or residency.  Complaint (Doc. #1) filed April 28, 2015.  On the civil cover sheet, plaintiff lists a post office box in Missouri as her mailing address and a street address in Kansas as her "non-mailing" address.  Civil Cover Sheet (Doc. #2) filed April 28, 2015.

The issue of domicile is not dispositive on defendant's motion to dismiss, however, because regardless of domicile, plaintiff is the real party in interest and plaintiff needs a representative to protect her interests in this action.

A. Real Party In Interest

Under Fed. R. Civ. P. 17(a)(1),[1] an action must be brought in the name of the real party in interest. In other words, an action must "be brought in the name of the party who possesses the substantive right being asserted under the applicable law." Esposito v.

---

[1] Fed. R. Civ. P. 17 states as follows:

(a) Real Party in Interest.
    (1) *Designation in General.* An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:
        (A) an executor;
        (B) an administrator;
        (C) a guardian;
        (D) a bailee;
        (E) a trustee of an express trust;
        (F) a party with whom or in whose name a contract has been made for another's benefit; and
        (G) a party authorized.
(b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:
    (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile . . .
(c) Minor or Incompetent Person.
    (1) *With a Representative.* The following representatives may sue or defend on behalf of a minor or an incompetent person:
        (A) a general guardian;
        (B) a committee;
        (C) a conservator; or
        (D) a like fiduciary.
    (2) *Without a Representative.* A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

United States, 368 F.3d 1271, 1273 (10th Cir. 2004) (internal citations omitted).  When federal substantive law provides a party an enforceable right, that party is the real party in interest in the action asserting that right.  4 James Wm. Moore et al., Moore's Federal Practice § 17.10[1] (3d ed. 2016).  Plaintiff brings this suit under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.  Because plaintiff has enforceable rights under 42 U.S.C. § 1983 and the Americans with Disabilities Act, she is the real party in interest in this suit.

    B.  Capacity To Sue

Under Fed. R. Civ. P. 17(b)(1), the law of a person's domicile controls her capacity to sue.  A person's domicile is the state in which she physically resides and intends to remain indefinitely.  Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014).

Under Kansas law, a legally incompetent person does not have capacity to sue in her own name.  Brice-Nash v. Brice-Nash, 615 P.2d 836, 840 (Kan. Ct. App. 1980).  Under Missouri law, a legally incompetent person does have capacity to sue in her own name.  Zimmerman v. Nolker, 2008 WL 5432286, at *4 (W.D. Mo. Dec. 31, 2008) (citing Williams v. Pyles, 363 S.W.2d 675, 678 (Mo. 1963)).  The Shawnee County District Court in Kansas found that plaintiff is legally incompetent.  Exhibit B To Memorandum In Support Of Motion To Dismiss. (Doc. #67-2).  Because of this finding, if plaintiff's domicile is in Kansas she lacks capacity to sue in her own name.  If plaintiff's domicile is in Missouri, plaintiff has capacity to sue in her own name.

Regardless of plaintiff's domicile, however, plaintiff has been found to be incompetent and the Court must act to protect her interests in this action.  Under Fed. R.

Civ. P. 17 (c) (2), when an incompetent person does not have a representative, the court "must appoint a guardian ad litem – or issue another appropriate order" to protect the incompetent person's interests. Under the Full Faith and Credit Clause of the United States Constitution, a court's judgment in one state must be recognized in every other state. U.S. Const. art. IV. § 1; Thomas ex rel. Baker v. General Motors Corp., 522 U.S. 222, 231-33 (1998). Thus, regardless of plaintiff's domicile, this Court must respect the findings of the Shawnee County District Court on plaintiff's incompetency and issue an order to protect her interests.

Though plaintiff is not represented in this action, she does have a duly appointed representative. The Shawnee County District Court appointed Jared R. Muir as conservator for plaintiff. A conservator may represent an incompetent person. Fed. R. Civ. P. 17 (c) (1) (C). A conservator may also bring suit on behalf of the conservator in his own name if he is authorized by statute to do so. Fed. R. Civ. P. 17(a)(1)(G). K.S.A. § 59-3078, under which Mr. Muir was named conservator, grants a conservator the authority "to prosecute and defend all actions in the name of the conservatee or as necessary to protect the interests of the conservatee." K.S.A. 59-3078(b)(4). Substitution of Mr. Muir as plaintiff will cure any problems with plaintiff's competency to sue. Additionally, because Mr. Muir has authority to prosecute actions in plaintiff's name, he may be substituted as the real party in interest.

**IT IS THEREFORE ORDERED** that **on or before January 18, 2017**, the parties shall show cause why Jared R. Muir should not be substituted as plaintiff in this action.

Dated this 21st day of December, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
