IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| | ) No. 15-cv-4871-KHV |
| v. | ) |
| | ) |
| S. GILDEMEISTER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND APPOINTING COUNSEL TO REPRESENT PLAINTIFF**

This matter is before the Court on defendant's Motion to Dismiss (Doc. #66) filed June 23, 2016 and the Court's Memorandum and Order to Show Cause (Doc. #75) filed December 21, 2016. Defendant asks this Court to dismiss plaintiff's complaint on the grounds that plaintiff (1) is not the real party in interest in violation of Fed. R. Civ. P. 17(a) and (2) is not competent to sue under the law of her domicile in violation of Fed. R. Civ. P. 17(b). Memorandum In Support Of Motion To Dismiss (Doc. #67) filed June 23, 2016 at 2-3.

In the order to show cause, the Court found that plaintiff is the real party in interest. Memorandum and Order to Show Cause (Doc. #75) at 3. The Court addressed the issue of plaintiff's competency by ordering the parties to show cause why Jared Muir, plaintiff's conservator, should not be substituted as plaintiff in this action. Defendant responds that Jared Muir is no longer plaintiff's conservator, but that because plaintiff has been found incompetent, the Court should issue another appropriate order to protect

plaintiff's interests.  Response to Court's Show Cause Order. (Doc. #77) filed January 18, 2017.  The Court agrees.

In 2015, the District Court of Shawnee County, Kansas found plaintiff legally incompetent and appointed a conservator to represent her interests.  Exhibit B To Memorandum In Support Of Motion To Dismiss (Doc. #67-2).  On November 3, 2016, the Shawnee County District Court ended plaintiff's conservatorship.  Exhibit D To Response To Court's Show Cause Order (Doc. #77-4).  Thus, the question is whether, after the termination of her conservatorship, plaintiff remains incompetent.  On this record, absent evidence to the contrary, the Court finds that plaintiff remains incompetent.

Under Fed. R. Civ. P. 17(b)(1),[1] the law of a person's domicile controls her capacity to sue.  A person's domicile is the state in which she physically resides and

---

[1]  (b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:
> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile . . .

(c) Minor or Incompetent Person.
> (1) *With a Representative.* The following representatives may sue or defend on behalf of a minor or an incompetent person:
>> (A) a general guardian;
>> (B) a committee;
>> (C) a conservator; or
>> (D) a like fiduciary.
>
> (2) *Without a Representative.* A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem─or issue another

(continued…)

intends to remain indefinitely.  Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014).  As previously noted, the record contains conflicting accounts of plaintiff's domicile.  Defendant alleges that plaintiff's domicile is Kansas.  Memorandum In Support Of Motion To Dismiss (Doc. #67) at 3.  In response to the motion to dismiss, plaintiff alleges that she is a resident of Missouri.  Plaintiff [sic] Objections To Motions Filed By Defendant's Attorney On June 24, 2016 (Doc. #69) at 4.  Plaintiff now alleges that she is a resident of Kansas.  Pleading In Response To Memorandum And Order To Show Cause Of Dec. 21, 2016 (Doc. #76).  For the purposes of this motion, the Court assumes that plaintiff is domiciled in Kansas.  The Court would issue the same order, however, if it found that plaintiff was domiciled in Missouri.[2]

In Kansas, a termination of conservatorship means simply that the conservator's duties are terminated.  Brice-Nash v. Brice-Nash, 5 Kan. App. 2d 332, 336, 615 P.2d 836, 839 (Kan. Ct. App. 1980).  It does not mean that the conservatee's competency has changed.  Id. at 336-37, 615 P.2d at 839-40.  The only way for a person to regain competency under Kansas law is through restoration of competency proceedings.  Id. at 336, 615 P.2d at 840.  Because no restoration of competency proceedings have occurred in plaintiff's case, plaintiff remains legally incompetent.

---

(…continued)
        appropriate order──to protect a minor or incompetent person who is unrepresented in an action.

[2]  Under Missouri law, once a person has been found incompetent, courts apply a rebuttable presumption that the person remains incompetent.  Hugenel v. Estate of Keller, 867 S.W.2d 298, 304 (Mo. Ct. App. 1993).

Because plaintiff is incompetent, the Court must act to protect her interests in this action. Under Fed. R. Civ. P. 17 (c)(2), when an incompetent person does not have a representative, the court must "appoint a guardian ad litem – or issue another appropriate order" to protect the incompetent person's interests. Accordingly, this Court will appoint an appropriate attorney to represent plaintiff. See D. Kan. Rule 83.5.3.1 (appointed counsel in civil cases may receive reimbursement for out-of-pocket expenses).

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. #66) filed June 23, 2016 is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court directs Magistrate Judge Teresa J. James to appoint counsel to represent plaintiff's interests in this matter, and expedite all appropriate pretrial proceedings.

Dated this 28th day of February, 2017 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge