# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-4871-KHV |
| S. GILDEMEISTER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff sued Glenn Braun, a State of Kansas district judge, who presided over her case under the Kansas Care and Treatment Act for Mentally Ill Persons, K.S.A. § 59-2945 et seq., following her arrest for a traffic violation. Upon his motion, the Court dismissed Judge Braun based on the Rooker-Feldman doctrine, absolute judicial immunity, failure to state a claim and the statutory prohibition on injunctive relief against judicial officers in 42 U.S.C. § 1983. See Memorandum And Order Denying Motion For Order (Doc. #35) filed November 6, 2015 (citing Rooker v. Fidelity Tr. Co., 263 U.S. 413, 415-17 (1923); Dist. Of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983)). In the order, the Court disposed of plaintiff's claims against defendant and resolved all issues concerning Judge Braun. Doc. #35 at 4-5; Complaint (Doc. #1) filed April 28, 2015; see Curtis-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980).

On June 15, 2017, Judge Braun filed a Motion For Order For FRCP 54(b) Certification. (Doc. #97). He moves the Court to enter final judgment in his favor because all claims against him have been resolved. Plaintiff does not oppose this motion. This motion follows two orders that reflect the ultimate disposition plaintiff's claims against Judge Braun. Doc. #35 (dismissing claims against defendant); Order Overruling Plaintiff's Motion For Reconsideration (Doc. #38) filed December 1, 2015 (denying

plaintiff's Rule 59 request to alter and amend Doc. #35).  As such, the Court determines that Judge Braun is entitled to final judgment.

Equitable concerns suggest that defendant is entitled to certification of finality.  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  This matter has been pending for more than two years, since April 28, 2015.  The record reflects no just reason to delay final resolution of the claims against defendant, and it suggests no reason why certification would be prejudicial to any remaining parties.

Accordingly, the Court finds no reason to delay final judgment as to this defendant until the claim against his co-defendant has been resolved.

**IT IS THEREFORE ORDERED** that defendants's Motion For Order For FRCP 54(b) Certification (Doc. #97) filed June 15, 2017 is hereby **SUSTAINED**.  Pursuant to Rule 54(b), Fed. R. Civ. Pro., the Court directs the clerk to enter final judgment in favor of judge Braun.  Plaintiff's claims against defendant Gildemeister remain pending.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2017, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
