## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARJORIE A. CREAMER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-4871-KHV |
| **S. GILDEMEISTER,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

On April 28, 2015, plaintiff pro se filed this suit against Officer Stefan Gildemeister of the Hays, Kansas Police Department. Complaint (Doc. #1). Liberally construed, the complaint alleges that defendant violated her Fourteenth Amendment rights to due process and seeks damages under 42 U.S.C. § 1983. Id. On February 28, 2017, Magistrate Judge Teresa J. James declared plaintiff legally incompetent and appointed counsel to represent her. Memorandum And Order Denying Defendant's Motion To Dismiss And Appointing Counsel To Represent Plaintiff (Doc. #79). This matter is before the Court on plaintiff's pro se Motion For Summary Judgment (Doc. #127) filed January 10, 2018.

Rule 11(a), Fed. R. Civ. P., states that:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(emphasis added). Plaintiff signed the pending motion, but counsel of record did not. On January 31, 2017, defendant responded to plaintiff's motion and placed plaintiff and her attorney on notice of the Rule 11(a) violation. See Defendant's Response In Opposition To Plaintiff's

Motion For Summary Judgment (Doc. #133) at 1. Neither plaintiff nor counsel have "promptly corrected" the error. Accordingly, the Court strikes plaintiff's Motion For Summary Judgment (Doc. #127).[1]

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Summary Judgment (Doc. #127) filed January 10, 2018 is **STRICKEN**.

Dated this 9th day of March, 2018 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>Kathryn H. Vratil
>United States District Judge

---

[1] The Court also notes that plaintiff's motion does not comply with D. Kan. Rule 56.1, which governs the summary judgment process. See Memorandum And Order (Doc. #48) filed January 21, 2016 at 2-3 (overruling motion for summary judgment for Rule 56.1 violation). Any future motions for summary judgment must comply with Rule 56.1 to give defendant a sufficient opportunity to respond.