# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARJORIE A. CREAMER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 15-4871-KHV |
| | ) | |
| S. GILDEMEISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's pro se <u>Motion On Basis For Relief [For] Summary Judgment [And] For Settlement</u> (Doc. #169) filed February 8, 2019, which the Court construes as a motion for summary judgment. For reasons stated below, the Court overrules plaintiff's motion.

On April 28, 2015, plaintiff pro se filed this suit against Officer Stefan Gildemeister of the Police Department of Hays, Kansas. <u>Complaint</u> (Doc. #1). Liberally construed, the complaint alleges that defendant violated her Fourteenth Amendment rights to due process and seeks damages under 42 U.S.C. § 1983. <u>Id.</u> On February 28, 2017, the Court declared plaintiff legally incompetent and directed Magistrate Judge Teresa J. James to appoint counsel to represent her. <u>Memorandum And Order Denying Defendant's Motion To Dismiss And Appointing Counsel To Represent Plaintiff</u> (Doc. #79).[1] On March 9, 2018, the Court struck plaintiff's pro se motion for

---

[1] More than one attorney has represented plaintiff over the life of this case. On August 29, 2018, Judge James gave plaintiff the opportunity to show that notwithstanding the Court's order of February 28, 2017, she was now mentally competent and able to represent herself. See <u>Order Appointing Guardian Ad Litem For Plaintiff Marjorie Creamer</u> (Doc. #153) filed
(continued…)

summary judgment for failure to comply with Rule 11(a), Fed. R. Civ. P., which requires that an attorney of record sign any written motion. Memorandum And Order (Doc. #136) at 2. In that order, the Court reiterated its warning that any future motions for summary judgment must comply with D. Kan. Rule 56.1, which governs the summary judgment process. See id. at n.1; see also Memorandum And Order (Doc. #48) filed January 21, 2016 at 2-3 (overruling motion for summary judgment for Rule 56.1 violation).

Despite the Court's admonitions, plaintiff has for the third time totally failed to comply with D. Kan. Rule 56.1. Rule 56.1 provides in relevant part as follows:

> The memorandum or brief in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies.

D. Kan. R. 56.1(a). Here, plaintiff's motion does not set forth any factual statements or specific references to the record to identify evidence to which defendant can respond and does not contain a statement of material facts as to which she contends no genuine issue exists. The Court recognizes that it must liberally construe the filings of a pro se litigant. See Woods v. Roberts, No. 94-3159, 1995 WL 65457, at *2 (10th Cir. Feb. 17, 1995). Here, however, plaintiff's failure to follow the local rules which govern the summary judgment process makes it impossible for defendant to respond to her motion. The Court therefore overrules plaintiff's motion for summary

---

¹(…continued)
August 31, 2018 at 1. Pursuant to Rule 17(c)(2), Fed. R. Civ. P., Judge James appointed a guardian ad litem to determine plaintiff's competency. Id. On October 11, 2018, Dr. Tammy Sheehan evaluated plaintiff and determined that she does not have capacity to represent herself in any court proceeding. Psychological Evaluation (Doc. #165) at 10. The Court has not yet made a final determination as to plaintiff's competency to represent herself pro se and on March 1, 2019, an attorney entered an appearance on her behalf. See Entry Of Appearance (Doc. #173).

judgment.[2]

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion On Basis For Relief [For] Summary Judgment [And] For Settlement</u> (Doc. #169) filed February 8, 2019 is **OVERRULED**.

Dated this 17th day of June, 2019, at Kansas City, Kansas.

<u>/s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

---

[2] As to plaintiff's request for settlement, the relief which plaintiff requests (if any) is unclear.